UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DAVID O. TURNER,              )
                              )
        Plaintiff,            )
                              )
    v.                        )          No. 1:11CV168 SNLJ
                              )
JOHN ROACH, et al.,           )
                              )
        Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of David Turner (registration no. 518340), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.71. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $22.42, and an average monthly balance of $103.57. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.71, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are John Roach (Correctional Officer), Michael Hawkins (same), and Rodney Owens (same). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on November 4, 2010, he was strip searched by defendant Roach and Officer Magill. Plaintiff admits that during the search he disobeyed orders and swallowed contraband. Roach allegedly used force to prevent plaintiff from swallowing the contraband, and plaintiff struggled against Roach until he had fully swallowed the contraband. Plaintiff says that immediately after he swallowed the contraband, he fully complied with Roach's directions and submitted to handcuffs.

Plaintiff claims that defendants Owens, Hawkins, and Roach then escorted him from his cell to the sally port. Plaintiff alleges that on the way to the sally port Roach

purposefully slammed his head into a door frame, which lacerated plaintiff's forehead and caused a great deal of bleeding. Plaintiff says that Hawkins saw Roach hit plaintiff's head on the door frame. Plaintiff asserts that he was subsequently treated by medical staff.

Plaintiff brings an excessive force claim against Roach and a failure to protect claim against Hawkins and Owens.

## Discussion

Plaintiff's excessive force claim against Roach survives states a claim upon which relief can be granted. As a result, the Court will order Roach to respond to the complaint.

To prevail on a failure to protect claim, an inmate must show that he was incarcerated under conditions presenting a substantial risk of serious harm, and that a defendant official knew of and disregarded that risk. See Oetken v. Ault, 137 F.3d 613, 614 (8th Cir. 1998). Plaintiff has not alleged facts demonstrating that defendants Hawkins or Owens knew that Roach was going to hit his head on the door frame. Nor has plaintiff alleged facts demonstrating that Hawkins or Owens knew that allowing Roach to accompany plaintiff to the sally port posed an unjustifiable risk to plaintiff's health. As a result, plaintiff's claims against Hawkins and Owens fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.71 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant John Roach.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant John Roach shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Michael Hawkins or Rodney

Owens because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of September, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE