UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:11CV168 SNLJ |
| JOHN ROACH, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's Motion for the Appointment of Counsel, filed November 14, 2011, #11, Motion for Disclosure of Documents, filed December 30, 2011, #18, and Motion to Compel Discovery, filed March 9, 2012, #21.  Defendants have responded to each of these motions, and they are ripe for disposition.

**I. Background**

Plaintiff alleges that on November 4, 2010, he was strip searched by defendant John Roach, a correctional officer, and that Roach purposefully slammed his head into a door frame, lacerating plaintiff's forehead.  Plaintiff admits that he possessed contraband and struggled with defendant until he could swallow it.  Plaintiff has alleged an excessive force claim against Roach, and his other claim against two other correctional officers was previously dismissed by the Court pursuant to 18 U.S.C. § 1915.  In his motions, plaintiff requests that the Court appoint counsel to represent him because he is without sufficient funds to hire an attorney, because of the complexity of the case, and due to his lack of legal education, and he also requests relief for alleged discovery violations.

**II. Plaintiff's Motion and Requests for Appointment of Counsel**

Plaintiff has requested the appointment of counsel in all three of his motions referenced above.  The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court.  Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992).  Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim.  *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *In re Lane*, 801 F.2d. 1040, 1043 (8th Cir. 1986).  The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim.  *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall*, 48 F.3d. at 1080-81; *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time.  Plaintiff has demonstrated his ability to litigate this case as evidenced by his pleadings, including discovery motions, and although plaintiff states that he is being temporarily assisted by another inmate, which assistance will be ending in the future, nothing has yet occurred to indicate any need to appoint counsel at this point in time.  This action appears to involve straightforward

questions of fact regarding a single incident, and plaintiff appears able to present and investigate his claim and file pleadings and disclosures according to the Federal Rules of Civil Procedure.

### III. Plaintiff's Discovery Requests

In his motion for disclosure of documents, #18, plaintiff lists eight requests for documents and/or video footage but does not seek relief from the Court regarding those discovery requests. In his subsequent motion to compel, #21, plaintiff requests that the Court compel defendant to provide some of the previously demanded documents and photograph prints of the video footage. According to counsel for defendant, plaintiff's Motion for Disclosure of Documents was filed without plaintiff having first requested discovery via a request for production of documents and things pursuant to Fed. R. Civ. P. 34. Plaintiff disputes this and has furnished the Court a copy of his "Initial Request and Disclosure under Fed. R. Civ. P. 34 and 26(a)," #16. *See also* #13-1. Although confusing, it can be inferred from plaintiff's pleading, #16, that he not only intended to disclose information to defendant thereby, but to also propound discovery requests. In response, defendant states that he has provided plaintiff with 85 pages of documents as part of his Rule 26(a) initial disclosures as well as 203 pages of additional documents and video footage responsive to the discovery demanded by plaintiff's motion to compel.[1]

Defendant contends that the documents and video footage he has provided constitutes all that he is able to provide and that plaintiff failed to confer with defendant in an attempt to resolve this discovery dispute prior to filing his motions pursuant to E.D. Mo. L.R. 37-3.04(A). In the

---

[1]In addition, the record reflects that defendant has recently filed a motion for summary judgment with 88 pages of exhibits.

certificate of service attached to his motion to compel, plaintiff asserts that "has in good faith conferred or has attempted to confer with Defendant to make disclosures or discovery in accordance with [Rule 37]," but that defendant has only tried to "manipulate the situation and prevent Plaintiff from adequately presenting his case by defendant's refusal to turn over the requested items." Plf's Motion to Compel, #21, p. 4. However, plaintiff fails to recite the "date, time and manner of such conference, and the names of the individuals participating thereto" or his specific "efforts made to confer with opposing counsel" as required by the rule. *See* E.D. Mo. L.R. 37-3.04(A).

Upon review of the pleadings, the Court finds that plaintiff has failed to make the necessary effort to resolve this discovery dispute prior to seeking court intervention. Although plaintiff is acting *pro se*, and his pleadings are held to a less stringent standard, he must still comply with the Rules of Civil Procedure, including local rules. *See American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988). Moreover, it is not clear from plaintiff's pleadings whether he has attempted to or has been allowed by prison personnel to view the video footage or to obtain copies of available policies from them. Again, defendant has stated that he has provided all documents and footage that he is able to provide, and the Court notes that Rule 34 provides for the production of documents and things within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Therefore, the Court will deny plaintiff's motion for disclosure and motion to compel without prejudice. If, upon further review of defendants supplemental disclosures and exhibits, and if and when plaintiff has made sincere efforts to confer or attempt to confer with counsel for defendant on this matter, the Court will entertain a further motion to compel. If plaintiff needs additional time to review the documents

and footage provided by defendant, he may request an extension of time to respond to defendant's recently-filed motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel, #11, and his subsequent such requests in his motion for disclosure of documents and motion to compel discovery, are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for disclosure of documents, #18, and motion to compel discovery, #21, are **DENIED** without prejudice.

Dated this   3rd   day of April 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE