UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11CV168 SNLJ |
| | ) |
| JOHN ROACH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's Motion for Reconsideration, #31, filed April 11, 2012. The motion has been fully briefed and is ripe for disposition. On April 3, 2012, the Court entered an order denying plaintiff's various motions seeking discovery and the appointment of counsel. Plaintiff now asks the Court to reconsider that order based on the need to interview incarcerated witnesses and because he has not received the discovery responses he seeks from defendant.

Plaintiff's motion will be denied. Motions for reconsideration are not mentioned in the Federal Rules of Civil Procedure, but such motions are often interpreted as a Rule 59(e) motion to alter or amend a judgment. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Illinois Valley Paving Co. v. Old Republic Ins. Co.*, 2012 WL 1134798, *1 (E.D. Mo. March 31, 2012) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995) (internal quotation omitted)). Such motions "serve the limited function of correcting manifest errors of law or fact

or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care, Inc. v. P.T.O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998) (internal quotation omitted)).  In his motion, plaintiff does not allege any new facts or newly discovered evidence related to his prior motions, and he only restates his prior arguments.  For example, with regard to his prior motion to compel, plaintiff only alleges that prisoners are not permitted to have DVD players by the prison, not that he has specifically sought permission to view the video recording of the incident provided by defendant and has been denied.  Moreover, prior to the filing of his motion for reconsideration, plaintiff has again refused to make a good faith attempt to confer with defendant in person, by telephone, or by mail, in a sincere effort to resolve his discovery dispute pursuant to E.D. Mo. L.R. 37-3.04(A).[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration, #31, is **DENIED**.

Dated this 9th of May 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is bound to follow this rule even though he states in his reply that he does not understand why he should have to do so or that it would be futile. *See American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988).

The record reflects that plaintiff has filed a new motion to compel, #38, on May 2, 2012, wherein he states that he has served defendant with a Third Motion for Disclosure of Documents and has therefore complied with the Court's order that he should confer with counsel for defendant to resolve the discovery dispute.  Since plaintiff has not provided a copy of his Third Motion for Disclosure with his motion to compel, the Court is unable to determine whether it is a good faith attempt to comply with the rule regarding his ongoing discovery dispute or whether it is a new discovery request.